**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SEMEN RASKIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| NORTH SHORE BAKING CORP. and | ) | |
| TEHIYA BENEZRA, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Semen Raskin ("Plaintiff"), through his attorneys, and for his Complaint against

North Shore Baking Corp. ("North Shore") and Tehiya Benezra, individually ("Benezra")

(collectively "Defendants"), state as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL") and the City of

Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-040 and 1-24-020 ("CMWO"),

for Defendants' failure to pay him required overtime pay and minimum wages.

2.      In one or more work weeks during the previous three (3) years, Defendants failed

to pay Plaintiff overtime wages as required by the FLSA, IMWL or CMWO at the rate of one

and one-half times his regular rate of pay for the time he worked in excess of forty (40) hours in

one or more individual work weeks.

3.      In one or more work weeks during the previous three (3) years, Defendants also

failed to pay Plaintiff the minimum wages required by the FLSA, IMWL or CMWO.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. §

216(b), pursuant to 28 U.S. C § 1331.

5.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C.

§ 1391(b) because the events giving rise to Plaintiff's claims occurred in this judicial district.

6.      This Court has supplemental jurisdiction over Plaintiff's Illinois and City of

Chicago overtime claims pursuant to 28 U.S.C. § 1367.

## BACKGROUND FACTS

7.      Plaintiff resides in and is domiciled in this judicial district.

8.      Defendant North Shore is an Illinois corporation.

9.      Defendant Benezra is the owner and operator of North Shore, located at 2919 W.

Touhy, Chicago, IL 60645, within this judicial district.

10.     Defendant Benezra is involved in the day-to-day business operations of Defendant

North Shore.

11.     Ms. Benezra hires and fires employees, directs and supervises the work of

employees, signs on North Shore checking accounts, including paychecks, and makes decisions

regarding employee compensation and capital expenditures.

12.     Defendant North Shore is an "enterprise" as that term is defined in Section

203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

13.     Defendant North Shore is an enterprise engaged in commerce or in the production

of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. §

203(s)(1)(A).

14.     During the last three years, Defendant North Shore's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

15.     During the course of his employment with Defendant North Shore, Plaintiff handled goods, including perishable food products that moved in interstate commerce.

16.     Defendant North Shore was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

17.     Defendant North Shore was Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

18.     Defendant North Shore was Plaintiff's "employer" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

19.     Plaintiff was Defendant North Shore's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

20.     Plaintiff was Defendant North Shore's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

21.     Plaintiff was Defendant North Shore's "employee" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

22.     Defendant Benezra was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

23.     Defendant Benezra was Plaintiff's "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

24.     Defendant Benezra was Plaintiff's "employer" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

3

25.     Plaintiff was Defendant Benezra's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

26.     Plaintiff was Defendant Benezra's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

27.     Plaintiff was Defendant Benezra's "employee" as defined by the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-010.

28.     Defendant Benezra resides in this judicial district.

## FACTUAL BACKGROUND

29.     Plaintiff worked for Defendants primarily as a delivery driver from approximately 1999 to August 2017.

30.     Between approximately May 2015 and approximately July 2016, Plaintiff was paid $450 a week for approximately seventy-two (72) hours of work a week, or $6.25 per hour.

31.     Between approximately August 2016 and approximately August 2017, Plaintiff was paid $500 a week for approximately sixty-three (63) hours of work a week, or $7.93 per hour.

32.     The federal minimum wage has been $7.25 since July 24, 2009.

33.     The applicable minimum wage in the State of Illinois has been $8.25 per hour since January 1, 2011.

34.     The applicable minimum wage in the City of Chicago was $10.00 per hour after July 1, 2015, $10.50 per hour after July 1, 2016 and $11.00 per hour after July 1, 2017.

35.     In one or more weeks during the prior three (3) years, Plaintiff worked for Defendants in excess of forty (40) hours in an individual work week.

4

36.    For example, between approximately August 2016 through August 2017, Plaintiff worked 63 hours per week, 6 days per week (Sunday through Friday from 4am to 2:30pm).

37.    In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay (or one and one-half times the higher of the applicable local or Illinois minimum wage) when he worked more than forty (40) hours per work week.

38.    Instead, Plaintiff was paid his straight time regular rate for all time worked.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

39.    This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 207, for their failure to pay overtime wages to Plaintiff for the hours he worked in excess of forty (40) in one or more individual workweeks.

40.    During his employment with Defendants, Plaintiff worked in excess of forty (40) hours in one or more individual work weeks.

41.    During his employment by Defendants, Plaintiff was not exempt from the overtime pay provisions of the FLSA, 29 U.S.C. § 207.

42.    Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay for all time he worked in excess of forty (40) hours individual work weeks.

43.    When Plaintiff worked over forty (40) hours in individual work weeks, Defendants failed to pay Plaintiff at one and one-half times his regular rate of pay. Instead,

5

Defendants paid Plaintiff his straight time regular hourly rate of pay for all time worked.

44.     Defendants' failure to pay overtime wages for hours Plaintiff worked in excess of

forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

45.     Defendants' failure to pay overtime wages for hours worked in excess of forty

(40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times the greater of the federal,
        State of Illinois or local minimum wage or Plaintiff's regular rate of pay for all
        hours which Plaintiff worked in excess of forty (40) hours in individual
        workweeks;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime
        compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as

if fully set forth herein.

46.     At no time during his employment by Defendants was Plaintiff exempt from the

overtime provisions of the IMWL.

47.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in

excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his

regular rate of pay.

48.     During his employment with Defendants, Plaintiff worked in excess of forty (40)

hours in one or more individual work weeks.

49.     When Plaintiff worked over forty (40) hours in individual work weeks, Defendants failed to pay Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours.  Instead, Plaintiff was paid his straight-time regular rate of pay for all time worked.

50.     Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

51.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages of two percent (2%) of the amount of underpayment per month.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.     Judgment in the amount of one and one-half times the regular rate for all unpaid hours Plaintiff worked in excess of forty (40) hours per week;

B.     Damages in the amount of 2% of the amount of the underpayments per month pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Prejudgment interest on the wages owed to the Plaintiff;

D.     Reasonable attorneys' fees and costs incurred in bringing this action; and

E.     Such other and further relief as this Court deems appropriate and just

**COUNT III**
**Violation of the Fair Labor Standards Act - Minimum Wages**

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

52.     This Count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for failing to pay Plaintiff minimum wages in one or more work weeks prior to July 2016.

53.     Pursuant to 29 U.S.C. §206, for all time prior to July 2016 that Plaintiff worked

7

for Defendants in one or more individual workweeks, he was entitled to be compensated at least at the then applicable federally mandated minimum wage.

54.     Plaintiff was not paid the federally mandated minimum wage by Defendant for the time he worked prior to July 2016 for Defendants in one or more individual workweeks.

55.     Defendants violated the FLSA by failing to pay Plaintiff minimum wages for all time he worked prior to July 2016 for Defendants in one or more individual workweeks.

56.     Defendants willfully violated the FLSA by failing to pay Plaintiff minimum wages for all time worked in one or more individual workweeks.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid minimum wages for all time that Plaintiff worked;

B.     Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owed;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law - Minimum Wages

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

57.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

58.     This count arises from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law. 820 ILCS 105/1 et seq. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

59.     Pursuant to 820 ILCS 105/4, for all time Plaintiff worked for Defendants in

individual work weeks, he was entitled to be compensated at the then applicable Illinois Minimum Wage.

60.     Defendants violated the IMWL by failing to compensate Plaintiff at the then applicable Illinois Minimum Wage for all time he worked in one or more individual workweeks.

61.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover his unpaid wages, plus damages of two percent (2%) of the amount of under payments per month.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of Plaintiff's unpaid minimum wages for all time worked;

B.      Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT V**
**Violation of the City of Chicago Minimum Wage Ordinance – Overtime Wages**

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

62.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

63.     This count arises from Defendant's violation of the overtime wage provisions of the City of Chicago Minimum Wage Ordinance.  Chapter 1-24, Section 1-24-040.  Plaintiff brings this action pursuant to Chapter 1-24, Section 1-24-110.

64.     Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-040, for all time Plaintiff worked for Defendants in excess of forty (40) hours in individual work weeks, he was entitled to be compensated at one and one-half times the then applicable

City of Chicago Minimum Wage.

65.     Defendants violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiff at one and one-half times the then applicable City of Chicago Minimum Wage for all time Plaintiff worked in excess of forty (40) hours in one or more individual workweeks.

66.     Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, Plaintiff is entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed by the court.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of Plaintiff's unpaid minimum wages for all time worked;

B.      Punitive damages as set forth in City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the City of Chicago Minimum Wage Ordinance - Minimum Wages

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

67.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

68.     This count arises from Defendant's violation of the minimum wage provisions of the City of Chicago Minimum Wage Ordinance.  Chapter 1-24, Section 1-24-020.  Plaintiff brings this action pursuant to Chapter 1-24, Section 1-24-110.

69.     Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-

24-020, for all time Plaintiff worked for Defendants in individual work weeks, he was entitled to be compensated at the applicable City of Chicago Minimum Wage.

70.     Defendants violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiff at the then applicable City of Chicago Minimum Wage in one or more individual workweeks.

71.     Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, Plaintiff is entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed by the court.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of Plaintiff's unpaid minimum wages for all time worked;

B.     Punitive damages as set forth in City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Date:  May 7, 2018                          s/Douglas M. Werman
                                            One of the Attorneys for Plaintiff
Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312)419-1008
Attorneys for Plaintiff

11